CARMEN DELIA CERRA, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent; ENRIQUE CERRA, Intervener.

No. 1737. Argued December 3, 1947.—Decided December 22, 1947.

*Vicente Géigel Polanco* for petitioner.    *Justo A. Casablanca* for inter-vener, defendant in the main action.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

In an action of filiation and for support, brought on behalf of Carmen Delia Cerra, a minor, the District Court of Humacao rendered judgment declaring that said minor was an acknowledged natural daughter of the defendant Enrique Cerra, and adjudging the latter to pay to his daughter an allowance of $60 monthly for her support. The defendant appealed from the two pronouncements of that judgment. The plaintiff thereupon filed, in the lower court, a motion for the execution of the judgment as to the action for support. The motion was dismissed, as the lower court considered that in an action for the acknowledgment of a natural child and for support, "the execution of the judgment as to the action for support does not lie, since the plaintiff has appealed from the judgment rendered to the Supreme Court of Puerto Rico, and the granting of support, as well as the right to receive it, is subordinate to the action of filiation, one action being the consequence of the other. Upon the court's refusal to reconsider its order, the plaintiff minor instituted the present proceeding, alleging: (a) that the lower

court erroneously construed § 84 of the Special Legal Proceedings Act (§ 618 Code of Civil Procedure, 1933 ed.);[1] (*b*) that in the case at bar two causes of action, of filiation and for support, have been joined and the court has sustained both of them; (*c*) that, as the judgment is divisible, that part which is not stayed by the appeal, namely, the part relating to support, can be executed; (*d*) that the filiation suit and the action for support are separate actions, distinct and independent from each other, although they may be joined in the same complaint; (*e*) that the acknowledgment of a natural child lies in any of the cases specified in § 125 of the Civil Code, 1930 ed., and the granting of support to a natural or illegitimate child lies based on the mere proof of the paternity; and (*f*) that the joining of two causes of action does not prevent the application of the provisions of § 618 of the Code of Civil Procedure, since support is always temporary.

██ The petitioner is correct. The provisions of § 618 of the Code of Civil Procedure are clear and definite and do not establish any exception whatsoever. In accordance with them, a decision adjudging the defendant to pay temporary support is reviewable on appeal, but such an appeal "shall not be an obstacle to the execution of the judgment."

In *Rivera* v. *Cardona*, 56 P.R.R. 786, the question raised was whether an illegitimate child, who did not qualify as a natural child, could bring an action for support without first establishing the paternity by means of a final judgment or through an indubitable document from the father wherein the filiation is expressly recognized. We held:

"The right to support is so intimately connected with the determination of the paternity that we fail to see any reason, following the precedent laid down in *Nicorelli* v. *López, supra*, to prevent the

---

[1] "Section 618.—(84 L.) All claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. An appeal lies against a judgment rendered in this class of actions. But such appeals shall not be an obstacle to the execution of the judgment.

disposition of the controversy in a single proceeding, whether the same is directed to the determination of the paternity and, as an incident thereof, to the claim for support, or whether, as in the case at bar, to the claim for support where incidentally the paternity might be established.''

In *Sánchez* v. *District Court*, 64 P.R.R. 456, we decided, to quote from the syllabus, that ''An action of filiation and one for the recovery of an allowance for support of the minor whose filiation is involved may be joined in a single complaint, in accordance with Rule 18 of the Rules of Civil Procedure . . .''

And in *People* v. *Rodríguez, ante,* p. 688, we stated that ''In criminal prosecutions, as well as in civil cases, this Court has repeatedly held that once the paternity is established, the presumptive father is compelled to furnish support to his minor child; and that such paternity may be inquired into, in criminal cases as well as in civil proceedings.''

It is true that in the complaint herein two causes of action were separately alleged: the first seeking to establish the filiation of the plaintiff minor, and the second claiming the payment of an allowance for support. Nevertheless, the two causes of action thus joined really constitute only one controversy which may and should be decided in a single proceeding. Once the filiation of a natural child or the paternity of an illegitimate child has been established, the right of the natural or illegitimate child to claim support arises therefrom. The judgment **rendered in this case,** like any other judgment, has in its favor the presumption of being correct, and places the plaintiff in the same legal position that she would occupy if she had instituted a proceeding claiming support wherein the status of natural daughter or the illegitimate paternity would have been established incidentally.

By providing in the aforesaid § 618, that the judgment in cases of claims for support may be appealed without said appeal being an obstacle to the execution of the judgment—in contrast to § 297 of the same Code which provides that ''when-

ever an appeal is perfected it stays all further proceedings in the court below . . ."—the lawmaker evidently sought to protect the minor, who needs money for his support and education, authorizing him to execute, even in case of an appeal, the judgment granting him support, on the ground of the filiation or paternity proved to the satisfaction of the trial court.

The lower court erred in dismissing the motion for the execution of the judgment as to the action for support. The order under review should be vacated and the case remanded to the lower court for further proceedings not inconsistent with this opinion.